**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSE STULTZ,** | : | **Civil No. 3:16-cv-1781** |
| | : | |
| **Petitioner** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **KIMERLAY A. BARKLEY, PA** | : | |
| **STATE ATTORNEY GENERAL,** | : | |
| | : | |
| **Respondents** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Petitioner Jose Stultz ("Petitioner" or "Stultz") files the instant petition (Doc. 1) for writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking relief from the judgment of sentence following convictions for fleeing or eluding police, driving under the influence, and four summary traffic offenses entered in Lebanon County Court of Common Pleas, Pennsylvania, criminal case CP-38-CR-0000700-2010. The petition is presently ripe for disposition.  For the reasons set forth below, the petition will be denied.

**I.     State Court Background**

The factual and procedural history of the state court proceedings set forth below is extracted from the Superior Court of Pennsylvania's Opinion affirming the denial of Stutlz's petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA.C.S.A. §§ 9541-9546:

At approximately 3:15 a.m., on February 14, 2010, Officer Benjamin Lauver witnessed [Stultz] driving the wrong way on Ninth Street, a one-way street in Lebanon City, Lebanon County. Officer Lauver turned his vehicle around and activated his lights and siren and began to pursue [Stultz's] car. [Stultz] did not immediately pull over, driving approximately forty miles per hour ("mph") in a twenty-five mph zone, but eventually came to a stop at a red light. Officer Lauver reported that [Stultz's] vehicle never left his sight. Upon encountering [Stultz], Officer Lauver placed him under arrest for fleeing and detected an odor of alcohol emanating from [Stultz]. [Stultz] was transported to a hospital for blood testing, which revealed a blood alcohol content ("BAC") of .134 percent. In addition, while at the hospital, the officer had [Stultz] perform field sobriety tests, which [Stultz] failed. A search of [Stultz's] car at the scene led to the discovery of heroin and suboxone.

The Commonwealth charged [Stultz] with a felony of the third degree fleeing or attempting to allude a police officer, two counts of driving under the influence ("DUI") of alcohol, and four summary traffic offenses as well as violations of the Controlled Substance, Drug, Device, and Cosmetic Act. [footnotes omitted]. [Stultz] filed a motion to suppress, challenging the validity of the traffic stop and the search of his vehicle. The court granted in part and denied in part that motion. It suppressed several statements made by [Stultz] to police as well as the drugs located in the vehicle. However, it upheld the traffic stop and the blood test results. Thereafter, the Commonwealth withdrew the drug charges.

[Stultz] proceeded to a jury trial on June 7, 2011. The jury found [Stultz] guilty of the fleeing while DUI count. The court adjudicated [Stultz] guilty of the DUI and summary offenses. Thereafter, the court sentenced [Stultz] on July 27, 2011, to a sentence of one to five years imprisonment for the fleeing charge. The court sentenced [him] on one of the DUI charges to a concurrent sentence of forty-eight hours to six months incarceration. The other DUI charge merged.

[Stultz] filed a timely post-sentence motion, which the court denied. A timely direct appeal ensued. [Stultz] challenged the trial court's denial of his suppression motion, the sufficiency of the evidence with respect to the fleeing court, a jury instruction, and the weight of the evidence. We affirmed on December 11, 2012. Commonwealth v. Stultz, 64 A.3d 16 (Pa. Super.

2012).  [Stultz] did not seek allowance of appeal with our Supreme Court but filed the underlying PCRA petition on January 28, 2013.

The court appointed counsel filed an amended petition reiterating [Stultz's] claims.  However, at [Stultz's] request and after conducting the requisite colloquy, the PCRA court permitted him to continue *pro se*.  The PCRA court conducted an evidentiary hearing.  Following the hearing, the court denied [Stultz's] petition on May 2, 2014, and issued an opinion in support thereof. This timely appeal followed.  The PCRA court directed [Stultz] to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  [Stultz] complied, and the PCRA court indicated that the reasons for its decision could be found in its earlier opinion.  The matter is now ready for this Court's consideration.  [Stultz] raised the following issues for our review.

I.     Whether the PCRA court erred or abused its discretion in denying Post-Conviction relief on the Claim whether[r] Petitioner was prosecuted/sentence[d] in a tribunal that lack's [sic] subject matter jurisdiction.

II.     Whether the PCRA court erred or abused its discretion in denying Post-Conviction relief on the claim of whether counsel was [i]neffective?

A)  Counsel did not object to leading questions to O[f][f]icer Lauver during the preliminary hearing.  (Page 16, lines 6-7 and 12-13).

B)  Counsel did not ask for a continuance or [f]ile another [s]uppression [h]earing when collecting discovery [m]aterial [u]ntimely.

C)  Counsel did not argue the suppression hearing properly when [he] should have questioned the arrest not the stop.

D)  Counsel did not ask [f]or an [e]xpert in order to fight the DUI.

E)  Counsel [f]ailure [sic] to challenge the lack of *Miranda* warning of the videotape.

III.     Whether the PCRA court erred or abused its discretion in denying Petitioner[']s claim that [his] sentence is illegal or unlawful [f]or lack of statutory authorization?

IV.     Whether the PCRA court violated Appellant[']s [d]ue [p]rocess and [e]qual [p]rotection [c]onsitutionally guaranteed and [p]rotected [r]ight by not allowing adequate time for Appellant to rebuttal [sic] the Commonwealth[']s [b]rief?

(Doc. 10-43, pp. 1-4). The Superior Court affirmed the PCRA court's denial of collateral relief on April 28, 2015, with respect to the ineffective assistance of counsel claims and determined that the due process sentence claim was waived pursuant to 42 Pa.C.S. § 9544(b). Stultz filed a timely petition for allowance of appeal. (Doc. 10-44). He raised four issues for review, all of which challenged the propriety of his sentence and the lower court's "authority/jurisdiction to impose a sentence of that length or type which do not conforms [sic] with laws and provisions of the sentencing code which would render sentenced impose[d] illegal or unlawful." (Id. at pp. 5, 6). On September 30, 2015, the Supreme Court denied the petition for allowance of appeal. (Doc. 10-45).

Stultz filed the instant petition on August 29, 2016.

## II.     **Issues Presented for Federal Review**

He presents the following issues for our review:

I.     Whether Petitioner[']s Sixth Amendment Right of the United States Constitution was violated when Counsel ineffective assistance for failure to object to leading questions to Officer Lauver during the preliminary hearing.

II.     Whether Petitioner['s] Sixth Amendment Right of the United States Constitution was violated when Counsel ineffective assistance for failure to ask for a continuance or file another suppression hearing when collecting discovery material untimely.

III.    Whether Petitioner['s] Sixth Amendment Right of the United States Constitution was violated when Counsel ineffective assistance for mishandling the suppression when should have questioned the arrest and not the stop.

IV.     Whether Petitioner['s] Sixth Amendment Right of the United States Constitution was violated when Counsel ineffective assistance for failure to ask for an expert in order to fight the DUI charge.

V.      Whether Petitioner['s] Sixth Amendment Right of the United States Constitution was violated when Counsel ineffective assistance for failure to challenge the lack of Miranda warning's [sic] of the video tape violating petitioner [sic] fifth Amendment Right of the United States.

VI.     Whether Petitioner['s] Sixth and Fourteenth Amendment Rights of the United States Constitution was [sic] violated when being subject to a [sic] illegal or unlawful sentence for lack of jurisdictions/statutory authorization.

(Doc. 1, pp. 15-19).

## III.    **Discussion**

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement.  Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973).  Petitioner's case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214, April 24, 1996 ("AEDPA").  28 U.S.C. § 2254, provides, in pertinent part:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that

he is in custody in violation of the Constitution or laws or treaties of the United States.

...

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1)     unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding....

28 U.S.C. § 2254.  Section 2254 sets limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner.  Cullen v. Pinholster, 563 U.S. 170, 181 (2011); Glenn v. Wynder, 743 F.3d 402, 406 (3d Cir. 2014).   A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  This limitation places a high threshold on the courts.  Typically, habeas relief will only be granted to state prisoners in those instances where the conduct of state proceedings resulted in a "fundamental defect which inherently results in a complete miscarriage of justice" or was completely inconsistent with rudimentary demands of fair procedure.  See, e.g., Reed v. Farley, 512 U.S. 339, 354 (1994).

**A.	Exhaustion and Procedural Default**

Habeas relief "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A); see also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions.  See Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000); Picard v. Connor, 404 U.S. 270, 275–76 (1971).  The habeas statute codifies this principle by requiring that a petitioner exhaust the remedies available in the courts of the State, 28 U.S.C. § 2254(b)(1)(A), meaning a state prisoner must "fairly present" his claims in "one complete round of the state's established appellate review process," before bringing them in federal court.  O'Sullivan, 526 U.S. at 845 (stating "[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . .  state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established review process."); see also Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard, 404 U.S. at 275 (1971); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). This requires that the claim brought in federal court be the substantial equivalent of that presented to the state courts. Picard, 404 U.S. at 278; see also McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999) (holding that petitioner must present both

"factual and legal substance" of claim to state courts). Mere reliance of state and federal claims on the same constitutional provision does not render the two claims substantially equivalent. See Brown v. Cuyler, 669 F.2d 155 (3d Cir. 1982); Zicarelli v. Gray, 543 F.2d 466 (3d Cir. 1976). Both the legal theory and the facts on which a federal claim rests must have been presented to the state courts. See Picard, 404 U.S. at 277; Brown, 669 F.2d at 158–61.

Respondents argue that although Stultz presented all of his issued in his initial PCRA proceedings, and in his appeal to the Superior Court, his failure to include any ineffective assistance of counsel claims in his petition for allowance of appeal to the Supreme Court, renders those claims unexhausted. (Doc. 10-1, p. 8). Stultz argues that "[e]xhaustion did not require presentation of claims to State Supreme Court because Pennsylvania Order No. 218 deems such procedure an extraordinary remedy that Petitioners need not avail themselves of to be deemed to exhaust." (Doc. 15, p.1).

In re: Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases, No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000) ("Order 218"), provides that direct criminal appellants and PCRA petitioners need not file petitions for allowance of appeal as they are deemed " 'unavailable' for purposes of exhausting state court remedies under § 2254(c)." Boyd v. Waymart, 579 F.3d 330, 368 (3d Cir.2009) (quoting Lambert v. Blackwell, 387 F.3d 210, 233 (3d Cir.2004)). Order 218 specifically states that "[w]hen a claim has been presented to the Superior Court, or to the Supreme

Court of Pennsylvania, and relief has been denied in a final order, the litigant shall be deemed to have exhausted all available state remedies for purposes of federal habeas corpus relief." Although Order 218 does not require that a petitioner seek an appeal in the Pennsylvania Supreme Court, once he pursues such an appeal, exhaustion requirements apply. Steckley v. Cameron, Civ. No. 1:11–CV–1417, 2011 WL 5239211 at *2 (M.D.Pa. Nov. 1, 2011); Soto v. Wynder, Civ. Act. No. 07–4720, 2008 WL 249816 at *1–2 (E.D.Pa. Jan. 29, 2008) (adopting a report and recommendation dismissing the petitioner's Section 2254 petition as premature where, as here, the petitioner's PCRA claim was concurrently seeking allowance of appeal before the Supreme Court of Pennsylvania). Because Stultz failed to present the ineffective assistance of counsel claims in his Petition for Allowance of Appeal to the Supreme Court, they are unexhausted.

Stultz also contends that his sentence is illegal or unlawful. For the most part, the state resolved this issue based on state law. However, inasmuch as Stultz presented a due process claim in the context of the illegal sentence, the state court concluded that the issue was waived pursuant to 42 Pa.C.S. § 9544(b). The state court set forth the following: "[Stultz] posits that his sentencing order does not indicate under what statutory authority he was sentenced. He alleges that this is a due process violation and renders his sentence illegal. First, due process sentencing claims are waivable. See Commonwealth v. Hartz, 532 A.2d 1139, 1142-1143 (Pa.Super. 1987)(en banc)(Cirillo,

P.J., concurring)(collecting cases); <u>Commonwealth v. Wallace</u>, 533 A.2d 1051 (Pa.Super. 1987). Although [Stultz] purports that his issue presents a non-waivable illegal sentencing claim, he cites no Pennsylvania authority that holds that the absence of a citation in a sentencing order renders the sentence invalid or presents a legality of sentence question." (Doc, 10-43, pp. 33-35). Federal habeas courts " 'will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.' " <u>Lambrix v. Singletary</u>, 520 U.S. 518, 522 (1997) (quoting <u>Coleman v. Thompson</u>, 501 U.S. 722, 729 (1991). In light of the state court's finding that the petitioner waived this issue, a finding which rests on an independent and adequate state law ground, the petitioner has procedurally defaulted the claim.

"When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.' 28 U.S.C. § 2254(b). In such cases, however, applicants are considered to have procedurally defaulted their claims and federal courts may not consider the merits of such claims unless the applicant establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse his or her default. <u>See Coleman v. Thompson</u>, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)." <u>McCandless</u>, 172 F.3d at 260.

To demonstrate "cause" for a procedural default, a petitioner must point to some objective external factor which impeded his efforts to comply with the state's procedural rule.  See Murray v. Carrier, 477 U.S. 478, 488 (1986).  "Prejudice" will be satisfied only if he can demonstrate that the outcome of the state proceeding was "unreliable or fundamentally unfair" as a result of a violation of federal law.  See Lockhart v. Fretwell, 506 U.S. 364, 366 (1993).

Alternatively, if a petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," Murray, 477 U.S. at 496, then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice.  Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger v. Frank, 266 F.3d 218, 224 (3d Cir. 2001).  The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency.  Bousley v. United States, 523 U.S. 614, 623 (1998); Murray, 477 U.S. at 496.  A petitioner establishes actual innocence by asserting "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt.  Hubbard v. Pinchak, 378 F.3d 333, 339-40 (3d Cir. 2004).

Stultz fails to identify some objective external factor which prevented him from complying with the state's procedural rules and he does not demonstrate that the outcome

of the state proceeding was "unreliable or fundamentally unfair" as a result of a violation

of federal law.  Nor is there any argument or indication that a "constitutional violation

has probably resulted in the conviction of one who is actually innocent," <u>Murray</u>, 477

U.S. at 496.  His claims are therefore procedurally defaulted and federal review is barred.

**B.    Alternative Merits Analysis**

The Superior Court wholly considered the merits of Stultz's Sixth Amendment

ineffective assistance of counsel claims in the context of Stultz's PCRA appeal.   And

while Stultz failed to include these claims in his Petition for Allowance of Appeal to the

Supreme Court, given the Superior Court's thorough analysis of the claims, and in light

of the holding of the United States Court of Appeals for the Third Circuits that Order 218

renders discretionary review from the Pennsylvania Supreme Court unavailable, out of an

abundance of caution, we will consider the merits of the ineffective assistance of counsel

claims presented in the PCRA appeal.

Under the AEDPA, federal courts reviewing a state prisoner's application for a

writ of habeas corpus may not grant relief "with respect to any claim that was adjudicated

on the merits in State court proceedings" unless the claim (1) "resulted in a decision that

was contrary to, or involved an unreasonable application of, clearly established Federal

law, as determined by the Supreme Court of the United States" or (2) "resulted in a

decision that was based on an unreasonable determination of the facts in light of the

evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

"[B]ecause the purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction," Greene v. Fisher, 565 U.S. 34, 38 (2011) (internal quotations and citations omitted), "[t]his is a difficult to meet and highly deferential standard . . . which demands that state-court decisions be given the benefit of the doubt." Cullen, 563 U.S. at 181(internal quotation marks and citation omitted). The burden is on Tyson to prove entitlement to the writ. Id.

A decision is "contrary to" federal law if "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). "[A] state court decision reflects an 'unreasonable application of such law' only 'where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents,' a standard the Supreme Court has advised is 'difficult to meet' because it was 'meant to be.' [Harrison v.] Richter, 562 U.S. 86, [ ] 102, 131 S.Ct. 770. As the Supreme Court has cautioned, an 'unreasonable application of federal law is different from an incorrect application of federal law,' Richter, 562 U.S. at 101, 131 S.Ct. 770 (quoting Williams, 529 U.S. at 410, 120 S.Ct. 1495), and whether we 'conclude[ ] in [our] independent judgment that the relevant state-court decision applied clearly

established federal law erroneously or incorrectly' is irrelevant, as AEDPA sets a higher bar. <u>Williams</u>, 529 U.S. at 411, 120 S.Ct. 1495." <u>Mathias v. Superintendent Frackville, SCI</u>, 876 F.3d 462, 476 (3d Cir. 2017). A decision is based on an "unreasonable determination of the facts" if the state court's factual findings are objectively unreasonable in light of the evidence presented to the state court. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 340 (2003).

Finally, Section 2254(e) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

The Superior Court set forth the following standards of review in considering the ineffective assistance of counsel claims:

> "To plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act." <u>Commonwealth v. Stewart</u>, 84 A.3d 701, 706 (Pa.Super. 2013)(*en banc*). The failure to meet any of these aspects of the ineffectiveness test results in the claim failing. <u>Id.</u>

> Arguable merit exists when the factual statements are accurate and "could establish cause for relief." <u>Id.</u> at 707. Whether the "facts rise to the level of arguable merit is a legal determination." <u>Id.</u> In considering whether counsel acted reasonably, we look to "whether no competent counsel would have chosen that action or inaction, or, in the alternative, not chosen, offered a significantly greater potential chance of success." <u>Id.</u> "Counsel's decisions will be considered reasonable if they effectuated his client's interests. We

14

do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken." Id. (citations omitted). Lastly, prejudice exists where "there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Id. This probability is sufficient when it "undermines confidence in the outcome of the proceeding." Id.

(Doc. 10-43, p. 23).

The clearly established Federal law governing ineffective assistance of counsel claims, as determined by the Supreme Court of the United States is as follows:

Ineffective assistance of counsel claims are "governed by the familiar two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." Shelton v. Carroll, 464 F.3d 423, 438 (3d Cir. 2006) (citing Wiggins v. Smith, 539 U.S. 510, 521, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)). For AEDPA purposes, the Strickland test qualifies as "clearly established Federal law, as determined by the Supreme Court." Williams, 529 U.S. at 391, 120 S.Ct. 1495. Under Strickland, a habeas petitioner must demonstrate that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's error, the result would have been different. 466 U.S. at 687, 104 S.Ct. 2052. For the deficient performance prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Id. at 688, 104 S.Ct. 2052. This review is deferential:

A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance....

Id. at 689, 104 S.Ct. 2052

Not every "error by counsel, even if professionally unreasonable, ... warrant[s] setting aside the judgment of a criminal proceeding." Id. at 691, 104 S.Ct. 2052. "Even if a defendant shows that particular errors of counsel were unreasonable, ... the defendant must show that they actually had an adverse effect on the defense"; in other words, the habeas petitioner must show that he was prejudiced by counsel's deficient performance. Id. at 693, 104 S.Ct. 2052. To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694, 104 S.Ct. 2052.

In assessing an ineffective assistance of counsel claim, "the ultimate focus of inquiry must be on the fundamental fairness of the proceeding.... In every case the court should be concerned with whether ... the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results." Id. at 696, 104 S.Ct. 2052.

Rainey v. Varner, 603 F.3d 189, 197–98 (3d Cir. 2010). The Third Circuit has specifically held that the very ineffectiveness assistance of counsel test relied upon by the Superior Court in this matter is not contrary to the Supreme Court's Strickland standard. See Werts v. Vaughn, 228 F.3d 178, 204 (3d Cir. 2000).

When the state court has decided the claim on the merits, "[t]he question 'is not whether a federal court believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.' " Knowles v. Mirzayance, 556

16

U.S. 111, 123 (2009) (quoting <u>Schriro v. Landrigan</u>, 550 U.S. 465, 473 (2007)). "And, because the <u>Strickland</u> standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." <u>Id.</u>

      1.    <u>Preliminary Hearing</u>

Stultz asserts that counsel was ineffective for failing to object to the following purported leading question asked of Officer Lauver during the preliminary hearing:

> Q.    When the vehicle stopped at the stoplight, was there anything else besides the stoplight that prevent[ed] the car from moving or was it just stopped?
>
> A.    There was a vehicle facing east on Willow Street at Twelfth Street and the Defendant –because of the snow on the roadway, the Defendant would not have been able to go around and continue on Willow Street.

(Doc. 10-43, p. 27 (citations omitted)). "The PCRA correctly found that the question was not leading as it did not suggest or provide the answer desired by putting words in the witnesses mouth. <u>Commonwealth v. Lambert</u>, 765 A.2d 306, 357 (Pa. Super. 2000)." (<u>Id.</u>). The Superior Court agreed with the PCRA court and concluded that counsel cannot be found ineffective for failing to raise a meritless objection. (<u>Id.</u>) Because "counsel cannot be deemed ineffective for failing to raise a meritless claim," the Superior Court's determination that Stultz was not entitled to relief on this ineffective assistance of counsel claim was neither contrary to, nor an unreasonable application of <u>Strickland</u>. <u>See</u> <u>Werts</u>, 228 F.3d at 203. Nor is the decision based on an unreasonable determination of the facts in light of the evidence presented in state court.

2.    <u>Suppression Hearing</u>

In his second and third grounds, Stultz challenges counsel's performance at the suppression hearing stage.  In the second ground, he contends that counsel was ineffective for not seeking a continuance or not seeking an additional suppression hearing based on the untimely receipt of the video of Officer Lauver's dashboard camera and radio communications.  (Doc. 1, pp. 16, 17).  Stultz argues that the video was "exculpatory and impeaching <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) evidence" that could have negated the probable cause to arrest him on the fleeing charge.  (Doc. 10-43, p. 28).  Specifically, he argued that the video demonstrated a discrepancy in Officer Lauver's testimony.  At the preliminary hearing, Officer Lauver testified that he activated his lights and then turned on his siren.  At the preliminary hearing and suppression hearing, he testified that the activated the lights and siren simultaneously.  (<u>Id.</u>).  The Superior Court concluded that this was "a minor discrepancy" and was immaterial for purposes of the suppression hearing.  (<u>Id.</u>).  The court further noted that Officer Lauver viewed Stultz driving the wrong way on a one-way street.  "Hence, he had probable cause to effectuate a traffic stop.  [Stultz] was also speeding and failed to stop at a stop sign. Since Officer Lauver had probable cause to stop [Stultz] for all of these violations, the stop was valid." (<u>Id.</u> at 29).

In the third ground, he claims counsel was ineffective for contesting the lawfulness of the stop rather than his arrest. The Superior Court rejected this claim

finding that Officer Lauver had probable cause to arrest for fleeing when "[Stultz] failed to pull over immediately after the officer activated his lights and sirens, and [Stultz] instead traveled at a high rate of speed and ran through a stop sign. Since Officer Lauver had probable cause to arrest [Stultz] for fleeing, counsel cannot be ineffective in electing not to challenge the unlawfulness of the arrest." (Id. at 30).

The Superior Court's determinations that Stultz was not entitled to relief on these ineffective assistance of counsel claims were neither contrary to, nor an unreasonable application of Strickland. See Werts, 228 F.3d at 203. Nor are the determinations based on an unreasonable determination of the facts in light of the evidence presented in state court.

### 3.    Trial

Stultz next challenges counsel's failure to call an expert witness to present evidence of a conversion factor to challenge the blood alcohol testing. The Superior Court noted that the manner of blood alcohol testing was challenged in his direct appeal and the court rejected the claim based on the trial court's rationale that the Commonwealth had, in fact, presented a conversion factor. (Id. at 30, 31). Because the underlying issue, which was previously litigated and rejected, lacked arguable merit, the Superior Court concluded that the ineffectiveness claim must necessarily fail. (Id. at 31, citation omitted).

Stultz also asserts that trial counsel was ineffective in failing to contest the absence of <u>Miranda</u> warnings prior to his field sobriety tests.  The Superior Court determined that the underlying claim lacked arguable merit.  Specifically, the Court found that because his BAC was over the legal limit, even absent field sobriety test evidence, the Commonwealth proved the DUI aspect of his fleeing charge.  (Doc. 10-43, p. 31).  Further, the PCRA court noted that "[t]he Pennsylvania Supreme Court has held that there is no right to refuse field sobriety testing based upon Fifth Amendment considerations not [sic] is there a right to <u>Miranda</u> warnings prior to the tests being given.  <u>See</u> <u>Commonwealth v. Hayes</u>, 674 S.2d 677 (Pa. 1996)."  (Doc. 10-40, p. 14).

When the state court finds the underlying state law claim meritless and thus, concludes that the petitioner's counsel was not ineffective, as is the case with both of the above claims, the federal habeas court is bound by that ruling.  <u>Priester v. Vaughn</u>, 382 F.3d 394, 402 (3d Cir. 2004).  Further, because counsel cannot be deemed ineffective for failing to raise a meritless claim, the Superior Court's determination that Stultz was not entitled to relief on this claim was neither contrary to, nor an unreasonable application of <u>Strickland</u>.  <u>See</u> <u>Werts</u>, 228 F.3d at 203.  Nor is the decision based on an unreasonable determination of the facts in light of the evidence presented in state court.

## IV. <u>Certificate of Appealability</u>

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a

proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). Stultz fails to demonstrate that a COA should issue.  The denial of a certificate of appealability does not prevent him from appealing the order denying his petition so long as he seeks, and obtains, a certificate of appealability from the Third Circuit Court of Appeals.  See FED. R. APP. P. 22(b)(1).

## V.    Conclusion

For the reasons set forth above, the Court will deny the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

A separate Order will enter.


BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court


**Dated:** August 7, 2019